```
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SYED M. ZAFAR,<br>                Plaintiff,<br><br>    -against-<br><br>TURK HAVA YOLARI A.O. a/k/a<br>TURKISH AIRLINES INC., doing<br>Business in the UNITED STATES as<br>TURKISH AIRLINES,<br>JOHN DOES, JANE DOES and<br>XYZ CORPS.<br>                Defendants, | Civ. Action No:<br><br>**COMPLAINT FOR<br>BREACH OF CONTRACT<br>DUTY OF CARE OWED, BY<br>A COMMON CARRIER, AND<br>INTENTIONAL/NEGLIGENT<br>INFLICTION OF EMOTIONAL<br>DISTRESS** |

1. Plaintiff SYED M. ZAFAR (hereinafter ZAFAR), by his Attorney KHALID M. AZAM of AZAM & HERTZ, LLP., for his Complaint against TURK HAVA YOLARI, A.O., a/k/a TURKISH AIRLINES INC., doing business in the United States as "TURKISH AIRLINES," (hereinafter referred to as "THY or TURKISH AIRLINES,") alleges as follows:

**PRELIMINARY STATEMENT**

2. This is an action for breach of contract, breach of the duty of care owed by a common carrier to its passengers, and intentional infliction of emotional distress, all as a result of Defendant's deliberate, intentional, reckless, shocking and outrageous behavior as hereinafter set forth. Plaintiff seeks in excess of $75,000.00 in damages from Defendant and demands a trial by jury.

**PARTIES**

3. Plaintiff ZAFAR is a resident of Trumbull, County of Fairfield, State of Connecticut, United States of America. Plaintiff makes periodic visits to his native Country, Pakistan. He is a citizen of U.S.A., and is 82 years of age.

4. THY is a corporation formed under the laws of Turkey for the purposes of commercial exploitation of air services for passengers and cargo, and is permitted to operate into the United States as a foreign air carrier by the U.S. Department of Transportation and the U.S. Federal Aviation Administration pursuant to the Federal Aviation Act of 1958, as amended (the "Act"). In connection with such statue THY has designated Mr. Charles Simpson with an office on the date hereof in Washington, D.C. as its agent for all purposes under the Act. THY regularly operates commercial air service into the Eastern District of New York at John F. Kennedy International Airport, from Turkey, on at least five days a week. By qualifying as a foreign air carrier under the FAA Act, by availing itself of the benefits and privileges thereof, by naming an agent for service in the United States, and by regularly flying passengers and cargo to and from John F. Kennedy International Airport located within this District. THY has purposefully availed itself of the jurisdictional means located in the United States and more particularly within this District and otherwise has

substantial interstate and international revenues and expenses in this district. In addition, for purposes of New York law, THY, is a "common carrier" with all of the attendant responsibilities and duties thereunto pertaining. For purposes of 28 U.S.C. § 1332, THY, is an alien.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2)(diversity).

6. Venue in this district has been selected by the Plaintiff pursuant to 28 U.S.C § 1391(a)(1), because it is the District in the United States in to which the defendant offers regular service, and in which it regularly solicits business, thereby making it subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

7. All allegations in this Complaint (including the foregoing) are based on information and belief and have or are likely to have evidentiary support after reasonable opportunity for further investigation or discovery.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the Defendant and each of its agents, contractors and employees was the agent, servant and employee of the Defendant, and at all times herein mentioned, each was acting within the purpose

and scope of said agency and employment. Whenever reference in this Complaint is made to any act, omission or transaction of the Defendant, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, contractors and/or representatives of the Defendant committed, knew of, performed, authorized, ratified and/or directed such act, omission or transaction on behalf of the Defendant while actively engaged in the scope of their duties.

**FACTUAL ALLEGATIONS**

**(STATEMENT OF FACTS)**

9.   The Plaintiff Mr. Zafar purchased his ticket for Turkish Airline for travel from JFK, New York to Karachi, Pakistan. He came to JFK airport for Turkish Airline Flight No: TK0012, which was scheduled to depart from JFK at 23:50 P.M., on December 31, 2015. See EXHIBIT A (An Email message from Turkish Airlines dated October 14, 2015).

10.   The Plaintiff ZAFAR registered at the Turkish Airline Counter as a "disabled person" requiring "wheel chair" throughout the forward (from JFK, to Istanbul, Turkey to Karachi, Pakistan) and return journey (from Karachi, Pakistan to Istanbul, Turkey to JFK, New York USA). After about 20 minutes of wait he was provided a wheel chair, one

suitcase of luggage was checked in and he was given a "Boarding Pass" for the Flight No: TK0012 at about 22:15 P.M.

11.  The Plaintiff ZAFAR was informed immediately after the "Check in" and given the "Boarding Pass" by the Airline staff that flight departure is delayed and upon his inquiry he was further informed by the Airline staff person that he did not know how much the flight departure was delayed. Thereafter, the Plaintiff was taken to a far corner on the back of the check-in counter and the attendant of the "wheel chair" who was a staff member of the Turkish Airline left the Plaintiff ZAFAR alone there sitting in the wheel chair. About two hours passed by and the neither the attendant of the wheel chair nor any other staff member of the Turkish Airline came back to attend the Plaintiff and inquire how the Plaintiff was doing or whether the Plaintiff was in need of anything.

12.  The Plaintiff then struggled with his can and went to the "check in counter" to find out when the "Flight TK 0012" will depart and the Plaintiff got the same answer "we do not know". The Plaintiff then requested the Turkish Airline staff at the counter if his flight can be changed for another day and he was answered as "NO". He was advised to wait for this flight (TK 0012) for that day. The Plaintiff ZAFAR went back to his wheel chair slowly with heavy heart

and in distress. The Plaintiff waited for about another two hours or so, without wheel chair attendant and without any snacks, food or drinks.

13. Finally the wheel chair attendant came after about 4 hours or so and wanted to wheel the Plaintiff to the boarding area. Even at that point the Plaintiff asked the Turkish Airline staff again to cancel the Plaintiff's flight, because his connecting flight from Istanbul to Karachi, Pakistan, would had left by the time he would have arrived at Istanbul, Turkey. He was informed by the Turkish Airline staff at JFK, that the connecting flight at Istanbul (TK 0708) would be delayed to accommodate the passenger arriving from New York (JFK) for Karachi, Pakistan. The Plaintiff then boarded the Turkish Airline flight TK 0012 from JFK to Istanbul.

14. The Plaintiff, when arrived at Istanbul Airport, was informed that flight for Karachi, Pakistan (Flight No. TK 0708) had already left Istanbul, and that he, the Plaintiff would have to wait for 24 hours (for the next day flight No: TK 0708) to go to Karachi, Pakistan.

15. The Plaintiff was then wheeled to the transit area at the Istanbul airport, and the wheel chair attendant asked the Plaintiff to get off the wheel chair. The wheel chair attendant then left the Plaintiff to sit on the floor and took off with the wheel chair. The Plaintiff had lost his

cane in the Plane from JFK to Istanbul.

16. The Plaintiff found the conditions in the transit area of the Istanbul airport horrible.

i) The transit lounge was overcrowded with no chairs to sit and dirty floor.

ii) Long lines at the counter to talk to somebody of the Turkish airline to solve any problems.

iii) No Turkish airline representative available moving around in the Transit lounge to attend the feeble passengers like the Plaintiff.

iv) The Plaintiff later found, when he needed to use the washroom, that there were only two wash rooms for more than a thousand passengers, and one wash room was closed due to overflow.

17. The Plaintiff with great effort and difficulty managed to get to the counter and asked the staff to provide the help. He was promised that he will be sent to a hotel, as his flight is on next day, and wait for some time. The Plaintiff waited for few hours but nobody came to take him to the hotel. He again struggled to the counter and asked for Hotel, food and drink. To his surprise, the Plaintiff was informed "No Hotel" and that he has to stay here in the Transit Lounge for his flight to Karachi, Pakistan. The Plaintiff had no choice, although he had a feeling that as if

he is in a jail. He spent most of his time either sitting or lying down on the floor, and his legs and back were hurting.

18.   Plaintiff was given by them (staff of the Turkish airline) after about 3-4 hours some sandwich to eat and some water. The Plaintiff after eating that sandwich and drinking the said water (which did not look of good quality, but the Plaintiff did not have much choice as the Plaintiff was extremely hungry and his blood sugar has gone down) the Plaintiff developed stomach ache and urge to go to washroom. The Plaintiff found that one washroom was still closed and for the other washroom there were long lines and he found that entry to that washroom was almost impossible in a timely fashion, due to long Que. The Plaintiff went to a corner and cleaned himself with his T-shirt. After few hours the Plaintiff again developed the urge to defecate and again cleaned himself with a hand towel from his carry-on baggage. The Plaintiff felt after couple of hours that he had fever and was getting dehydrated, but he found no body from airline staff around to help him. The Plaintiff, who is a retired Physician of 82 years now, luckily had some Tylenol with him but no medicine for gastro-enteritis and spent most of the 24 hours in the Transit area lying down on the floor, exhausted and unattended till such time when the boarding started for the Turkish Airline flight from Istanbul to Karachi (Flight

No TK 0708), and the attendant came with a wheel chair and the counter person issued a boarding pass and the Plaintiff left Istanbul after a miserable and horrible experience of his life. Even during the flight Plaintiff ate nothing and upon inquiry he did not get any medication for diarrhea.

19.  The Plaintiff upon arrival at Karachi airport was wheeled to Baggage area and found that his baggage did not arrive at Karachi in that flight. The Plaintiff had to go to "Central Baggage Lost Area" to file a complaint, as no Turkish Airline representative was in the baggage area to take a complaint of lost luggage. No wheel chair was provided during the 3 hours the Plaintiff had to spend for the lost luggage matter. The Plaintiff got his luggage after 4 days and had to make numerous trips to the airport to get the lost luggage. The Plaintiff's priority as he came out of the airport in Karachi, was to see a doctor there and take necessary medications which the Plaintiff did. After reaching Karachi when the Plaintiff found that his luggage has not reached in Karachi and made a complaint about that, the Airline was supposed to pay the Plaintiff money for buying some necessary clothing and for other items of immediate use there, which was not provided, which was violation of the contract of lost baggage and rules pertaining to the lost luggage. After the Defendant airline received/found the

Plaintiff's baggage in Karachi, airline did not call to inform the Plaintiff and did not send the luggage where the Plaintiff was staying although the Plaintiff had given the airline the Phone Number and address of the place where he was staying. This was yet another violation of rules by the Defendant.

20. The Plaintiff on his return flight from Karachi, Pakistan to Istanbul, Turkey to JFK, NY USA, has also set back at the hands of Turkish Airline. He left Karachi on April 28, 2016 by Turkish Airlines and his flight arrived at Istanbul in time. However, Turkish Airline staff at Istanbul Airport could not transport him, the Plaintiff in time to the flight (TK 0001) leaving for JFK. The Turkish airline staff could not coordinate between the proper persons in charge (if there were any) to transport passenger from the arriving flight to the flight departing for JFK. The Plaintiff was wheeled to transit area and then wheel chair was taken away. He was informed to wait for next flight to JFK, and for that the Plaintiff has to wait for about 5 hours to catch the next flight to JFK, Flight No: KA 0001.

21. The Turkish Airline never answered the Plaintiff's complaint. He made a complaint to the Turkish Airline Counter in Transit Area at Istanbul Airport on January 02, 2016 when he was given a boarding pass to board the plane from Istanbul

to Karachi about the horrible conditions he went through in the Transit Area. Also he made a complaint in Karachi, (on January 03, 2016) after he found that his luggage did not arrive in Karachi in the same flight in which he was boarded, and was left in Istanbul and got the luggage after about 4 days. After getting no response to his complaints, the Plaintiff wrote a letter on July 25, 2016 to the Defendant, to which also he never got the reply till to-date.

**22.** Plaintiff, pursuant to the Federal Rules, expressly reserves the right to amend this Complaint in this action in order to name the personnel of the Turkish airline, at the Istanbul airport in transit area or otherwise, as additional parties defendants, including others who may have caused the horrible conditions suffered by the Plaintiff. In the caption such persons or the entities are referred as John Does, Jane Does and XYZ CORPS.

**AS AND FOR A FIRST CLAIM**

**23.** The Plaintiff repeats and restates the allegations of paragraphs 1 through 22 preceding, as if fully set forth herein.

**24.** By reason of the foregoing the Turkish Airline breach its contract of carriage with the Plaintiff by refusing to change the Plaintiff's flight from JFK to Istanbul, when it was obvious that the Plaintiff will not be

able to board his connecting flight from Istanbul to Karachi, his final destination. As a result of such refusal to change the Plaintiff's flight from JFK to Istanbul, the Plaintiff has to spend about 24 hours in Transit at Istanbul airport and had the horrible experience of his life.

25.  By leaving the Plaintiff who is in his eighties and is disabled, unattended in the wheel chair for number of hours and without providing him with the appropriate information as to the length of delay at JFK, and without providing a disabled Plaintiff with basic things such as water or beverage or snacks etc. etc., the Plaintiff's rights as travelling passenger, of the Bill of Rights of a flying passenger, were violated. His rights were violated not only as an ordinary passenger but also his rights were violated as a disabled passenger.

26.  The Plaintiff rights as a Turkish airline passenger were violated by the said airline, under the Rules of U.S Department of Transportation as well as under the Turkish airlines own rules. Not only that, the Plaintiff's rights were violated under the U.S Disabilities Act as well.

27.  The violation of the Plaintiff's rights which started at JFK, NY continued at Istanbul airport in transit, his continued journey to Karachi, Pakistan where he found his luggage was left behind in Istanbul, and on his return flight,

when the Turkish airlines staff could not board him on his flight from Istanbul, Turkey to JFK NY, he had again to spend time in transit at Istanbul, Turkey, where he had horrible experience of his life couple of months ago.

28. The Plaintiff is entitled to reasonable and foreseeable damages from breach of his contract, and special and punitive damages due to his disability and age. The Plaintiff requests damages in the amount of 2 Million dollars against the airline.

### AS AND FOR A SECOND CAUSE

29. The Plaintiff repeats and restates the allegations of paragraph 1 through 28 preceding, as if fully set forth herein.

30. The Plaintiff suffered pain and mental distress and anguish right from the beginning of his travel when he arrived at JFK airport and there Turkish Airline gave him a Boarding Card, put him in a wheelchair and abandoned him in a corner without an attendant to take care of him (because the flight was delayed) refusal by the Turkish airline to change his flight for another day. The pain and suffering, mental distress and anguish worsened at the transit area at Istanbul airport, Turkey, where the disabled passenger of 80 years age, was left to sleep on the floor, suffered with stomach ache and diarrhea due to bad quality of food, sandwich; promised but never sent to a hotel room; where while lying down on the floor in the transit area of

Istanbul airport he spent each hour of which he felt longer than a year of suffering without any Turkish airline personnel around to listen to him, without adequate facility of washroom in such a disgusting and humiliating manner. All this could have been avoided if the Turkish airline staff would have paid little attention either at JFK, NY to change his flight, or at Transit area in Istanbul, Turkey, to send him in a hotel room. Each and every aspect of his rights as a traveling passenger, or a disabled person or a senior citizen had been violated by the Turkish airline.

31. The Plaintiff demands compensatory for his pain and suffering which he endured during his travel by Turkish airline. He demands compensatory damages in the amount of 3 Million dollars for such compensation.

**AS AND FOR A THIRD CAUSE**

32. The Plaintiff repeats and restates the allegations of paragraph 1 through 31 preceding, as if fully set forth herein.

33. To some it may be mere negligence of the Turkish Airline, but to others and the Plaintiff, it is intentional disregard by the Turkish airline personnel, of a passenger who is disabled and senior citizen of 80 years. This is specially so because the Turkish airline has not improved its standards

despite being fined numerous times for violating passenger rights. The Turkish airline continues to disregard the passengers' rights despite being cited and fined for violations. Such an act is an intentional disregard done to a disable person of 80 years age, which should have been given special attention and care, which was not provided by the Turkish airline. This intentional disregard to the Plaintiff requires punitive damages against the Turkish airline, as the airline has continued the violation despite being cited and fined for his previous violation. The Plaintiff requires punitive damages in the amount of $5 Million against the airline. Even if it is still a negligent act on the part of the Turkish airline, it is horrible negligence, and the Plaintiff deserves to be compensated or such horrible negligence of the Turkish airline.

**WHEREFORE**, Plaintiff requests the Court to grant a judgment against the Defendant as follows:

- For the first cause of action for breach of contract plus actual, foreseeable special damages in the amount of $2,000,000.00 dollars.
- For the second cause of action for compensatory damage in the amount of $3,000,000.00 dollars.
- For the third cause of action for punitive damages for intentional disregard to Plaintiff's rights, or for a

horrible negligence, in the amount of $5,000,000.00 dollars.

- Plaintiff specifically begs the court to impose upon the Turkish Airline, obligation to implement a sensitivity program for training of its staff personnel member, how to take care of disabled and aged passengers who choose to travel by Turkish airline.

- Court grants such other and further as the Courts deems just and necessary.

- Pursuant to Federal Rules of Procedure 41, the Plaintiffs demands a trial by jury of all issues so triable.

Dated: Queens, New York
October 19, 2017.

Yours etc.,

_____
KHALID M. AZAM (KA6215)
AZAM & HERTZ, LLP
75-35 31ST Avenue, Suite 201
Jackson Heights, NY 11370
Phone: 718-672-8115
Fax: 718-744-2300
Email: azamlaw@yahoo.com

# VERIFICATION

STATE OF Connecticut,

COUNTY OF Fairfield, ss. Trumbull

I, **SYED M. ZAFAR**, am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
SYED M. ZAFAR

Sworn to before me on this
23rd day of October, 2017

_____
Notary Public

ALEX TIE
Notary Public
Connecticut
My Commission Expires Aug 31, 2018

Exhibit A



Tony Benincaso <tony.benincaso@gmail.com>

# Turkish Airlines Online Ticket - Information Message
1 message

**Turkish Airlines** <please_do_not_reply@thy.com>  Wed, Oct 14, 2015 at 11:40 AM
To: TONY.BENINCASO@gmail.com

 



Dear **SYED ZAFAR**

It's a pleasure to see you among us at Turkish Airlines.

This email contains important information about your trip to facilitate your journey. Here, you can find links to your flight information, hotel reservations and car rentals.

### ELECTRONIC TICKET

| | |
|---|---|
| Reservation Code | UJATHY |
| Process date | 14 Oct 2015 18:40 |
| Total Amount | **810.60 USD** |

## Itinerary

| Airline/Flight Number | Departure | Arrival | Cabin | Class |
|---|---|---|---|---|
| TK0012 | 31.Dec.2015 / 23:50<br>NEW YORK/John F Kennedy Airport | 01.Jan.2016 / 16:25<br>ISTANBUL/Ataturk Airport | Economy | W |
| TK0708 | 01.Jan.2016 / 20:30<br>ISTANBUL/Ataturk Airport | 02.Jan.2016 / 04:45<br>KARACHI/Civil Jinnah Airport | Economy | W |
| TK0709 | 22.Mar.2016 / 06:30<br>KARACHI/Civil Jinnah Airport | 22.Mar.2016 / 09:55<br>ISTANBUL/Ataturk Airport | Economy | W |
| TK0001 | 22.Mar.2016 / 13:20<br>ISTANBUL/Ataturk Airport | 22.Mar.2016 / 18:55<br>NEW YORK/John F Kennedy Airport | Economy | W |

## Fare Notes

click **here** to view the fare rules of your ticket.

## Passenger(s)

| Düzenlendiği Tarih/Issue Date | : 14OCT15 |
|---|---|
| Düzenleyen/Issuance | : ITT/IT/TURKISHAIRLINES |
| Seri No/Validator | : 6510 |
| Sıra No/Order No | : 2352166548802 |

2352166548802

THY Genel Müdürlüğü Atatürk
Havalimanı 34149 - İstanbul

Büyük Mükellefler Vergi Dairesi
8760047464

Tel : (0 212) 463 63 63
Fax : (0 212) 465 23 77

444 0 849
www.thy.com
eticket@thy.com

| Yolcu İsmi/Passenger Name | : ZAFAR SYED MR |
|---|---|
| Rezervasyon No/Booking Ref | : TK/UJATHY/ |
| Firma İsmi/Company Name | : |
| Vergi Dairesi/Hesap No | : |
| Kimlik No / Id Number | : 0 |
| Adres/Address | : NO ADDRESS |

BU BELGE 334 NO.LU VUK G.T. UYARINCA FATURA YERİNE GEÇER

| Bilet No/Ticket No | : 2352166548802 |
|---|---|
| Kısıtlama/Endorsement/Restr. | : NONEND/TK ONLY |

| Ödeme/Payment | : CC VI************6491 |
|---|---|
| Esas Ücret/Base Fare | : USD  239.00 |
| Vergi/Tax | : TAXES/FEES/CHARGES INCLUDED IN TOTAL FARE |
| Toplam/Total | : USD  810.60 |

| Nereden/nereye From/To | Uçuş Flight | Snf. Cls | Tarih Date | Kalkış Saati Dep.Time | Varış Saati Arr Time | Bagaj Baggage | Bilet Durumu Ticket Status | Önce-Sonra Geçersizdir Nvb-Nva | Terminal |
|---|---|---|---|---|---|---|---|---|---|
| NEW(JFK) ISTANBUL(IST) | TK0012 | W | 31DEC | 23:50 | 16:25 | 2P | OK | 31DEC - 31DEC | 1 |
| * ISTANBUL(IST) KARACHI(KHI) | TK0708 | W | 01JAN | 20:30 | 04:45 | 2P | OK | 01JAN - 01JAN | 10 |
| KARACHI(KHI) ISTANBUL(IST) | TK0709 | W | 28APR | 01:45 | 05:40 | 2P | OK | 28APR - 28APR | 01 |
| * ISTANBUL(IST) NEW(JFK) | TK0003 | W | 28APR | 06:45 | 10:45 | 2P | OK | 28APR - 28APR | 1 |

- BİLET VE BAGAJ KONTROLÜ İÇİN TARİFELİ KALKIŞ SAATİNDEN İÇ HATLARDA 45 DK DIŞ HATLARDA 60 DAK. ÖNCE CHECK-IN İŞLEMLERİNİZİ TAMAMLAYINIZ.
PARÇA BAŞI 32 KG. AŞAN BAGAJLAR UÇUŞA KABUL EDİLMEYECEKTİR.
- CHECK-IN FORMALITIES MUST BE COMPLETED, 45 MIN. PRIOR TO SCHEDULED DEPARTURE FOR DOMESTIC TRAVEL AND 60 MIN. FOR INTERNATIONAL TRAVEL ANY BAGGAGE EXCEEDING 32 KG WILL NOT BE ACCEPTED TO THY FLIGHT.